[Civ. No. 6390. First Appellate District, Division One.—January 23, 1929.]

HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. W. H. HAW, Respondent.

Nelson & Ricks for Appellant.

Puter & Quinn for Respondent.

TYLER, P. J.—This action, while one in form for trespass and to quiet title to land, has for its object the determination of the location of the proper boundary line between certain timber lands owned by plaintiff and defend-

ant. All the lands are situated in township 2 south, range 3 east, Humboldt base and meridian. The complaint contains two causes of action. The first alleges the ownership in plaintiff of the south half of the northeast quarter of section 10, township 2 south, range 3 east, H. M., and it recites that said land had growing thereon a large number of redwood trees. It then charges that defendant, with full knowledge of plaintiff's ownership, wilfully chopped down, removed, and carried away some sixty of the said trees which were of the value of $1,203.51, and that defendant by such wilful trespass became liable for treble damages under section 733 of the Code of Civil Procedure. The second cause of action alleges defendant claims an interest in the lands above described adverse to plaintiff, which claim is without right and it is prayed plaintiff's title be quieted as against defendant. In his answer to the first cause of action defendant denied that he entered upon the lands described in plaintiff's complaint at any time, and he likewise denied that he chopped down or removed any of the redwood trees growing thereon. He admitted title in plaintiff to the land described in the complaint, but denied that he claimed any interest therein adverse to the plaintiff. He further alleged ownership in himself of contiguous lands described as the northwest quarter of the southeast quarter of section 10 and recited that all of the trees cut or chopped down by him were standing and growing within the boundaries thereof. Defendant prayed that plaintiff take nothing by his action. The land of defendant adjoins the land of plaintiff for the distance of a quarter of a mile. The common boundary line between the two tracts is a line which runs theoretically east and west through the center of section 10. The difference between the contention of the parties is due to the fact that they do not locate the common boundary in the same position on the ground. It was plaintiff's contention at the trial that no known or recognizable monuments as established in the original government survey could be found which fixed the exterior boundaries of section 10 or which determined the location of any corners to said section or the quarter corners on the east, south and west lines thereof, as the same had disappeared and could not be found nor could the same be ascertained or determined from any calls contained in the original gov-

ernment notes, either as to courses or distances. Accordingly, and in order to prove its case, plaintiff introduced evidence to show that he employed a surveyor, one Lentell, who made a survey upon which plaintiff relied. This witness testified that according to his survey he could find no known, fixed, or recognizable monuments as established in the original government survey nor could he determine the location of the corners to said section or the quarter corners on the east, south, and west lines thereof from any calls contained in the original government notes, either as to courses or distances and that in consequence he adopted the proportionate measurement method in establishing the exterior boundaries of section 10, and likewise determined the line running east and west through the center of said section which would be the common boundary line to the lands of the parties hereto. In addition to following the proportionate measurement method plaintiff attacked, upon various grounds, the sufficiency of a certain survey relied upon by defendant to establish the disputed lines and corners. It was and is defendant's claim that there were sufficient marks and objects upon the ground corresponding to those referred to in the government field-notes to establish the lost lines and corners and this being so, the rule of establishing lost corners by proportionate method does not apply. Defendant introduced various witnesses to prove the existence of the boundary lines by natural objects, marks on trees and topography described in the field-notes of the government survey. The trial court found, upon the first cause of action, that the location on the ground of the common boundary line was established by the evidence produced by defendant, the finding in this connection being, that the common boundary line upon the ground between the said south half of the northeast quarter of said section 10, and the northwest quarter of the southeast quarter of said section, is the east and west subdivisional line running through the center of said section and particularly described as follows: "Beginning at the quarter section corner on the East line of said Section 10, which said quarter section corner is now marked by an iron pipe driven in the ground on the west edge of the County Road on the East line of said section Ten, and from which iron pipe there is a pine stump 24. inches in diameter south 61½ degrees East 62 links;

thence from said quarter section corner running West to the quarter section corner on the West line of said Section Ten, which said quarter section corner is designated by an old growth pine tree about two feet in diameter which stands on the east slope of the ridge, and has a block chopped out on the west side of the tree exposing a flat face upon which the mark $\frac{1}{4}$ is carved upon the wood." It is appellant's contention that the finding locating the quarter corner on the east line of section 10 evidenced by an iron pipe and generally referred to in the evidence as the "Hubbard Corner" and the location of the quarter corner on the west line of said section 10, evidenced by a "$\frac{1}{4}$" mark cut on a fir tree and generally referred to as the "Pine Tree" quarter corner is not supported by the evidence as the location by the trial court of the same upon the ground does not accord with any of the calls in the original government field-notes either as to distances or topography, and that the same were not established as required by law; that the true boundary line as established by the preponderance of the evidence is that found and established by plaintiff's surveyor, J. N. Lentell, under the proportionate measurement method. ■

The law is well established that the obliteration of a monument made in a survey does not destroy such survey nor justify a court in disregarding it where enough data remain to locate the place occupied by the monument by reference to the natural objects referred to in the survey. Nor does such obliteration justify the adoption of the proportionate method of locating a common corner as a lost corner, where the field-notes refer to certain natural objects which can be found along the line mentioned so as to approximately locate it. (*Weaver* v. *Howatt*, 171 Cal. 302 [152 Pac. 925].) ■

We are of the opinion that there is abundant evidence in the record from which the location on the ground of the quarter corners as established under the original survey could be approximately identified, and that the trial court was therefore justified in rejecting the proportionate method of locating such corners. Nor do we think the evidence is impaired, as claimed by appellant, because of any discrepancies between certain distances given in the field-notes and the distances found by the court. Distances, as recorded in the field-notes must give way to natural objects noted and found upon the ground at approximately the distance given in the

notes. (*Weaver* v. *Howatt, supra.*) As hereinabove stated, the evidence relied upon by the trial court, as a whole, sustains the location on the ground of the common boundary line and fully supports the finding of the trial court upon the subject. Defendant produced as witnesses several licensed surveyor; who for many years were familiar with the location and who had surveyed the lands in question. The testimony of these witnesses shows that they experienced no difficulty in ascertaining the lines of section 10 or the corners or quarter corners thereof as established by the original survey. They testified that the section lines and certain corners as thus established were well marked by blazes on trees which conformed to the field-notes. One of these witnesses, John Haugh, was employed by the government on the original survey made in 1874. He testified that when so employed he surveyed the identical land, ran the section lines thereof, and wrote up the field-notes. He further testified as to the proper location on the ground of one of the section corners. In going over the section lines shortly before the trial he recognized the markings of the original survey, some of which he testified were made by himself. He also found one of the old stakes on the south line of the section. In addition to the markings on the trees he recognized the topography of the land described in the field-notes. Other witnesses, including defendant, who had resided in the immediate vicinity for many years, testified as to the proper location of certain corners of the section. In the face of this and other evidence supporting the finding of the trial court, we have no power to disturb the finding.

The further contention is made that as to the second cause of action, the findings are inconsistent and fail to give plaintiff the relief prayed for, which necessitates a new trial. Upon this subject the court found that the plaintiff's allegations were not true and that each and all the denials of the defendant were true and sustained by the evidence. There is a specific finding of ownership in plaintiff of the lands described in its complaint. Defendant in his answer denied any claim of interest in the lands so described and there is a further finding that all the allegations contained in the answer are true. Defendant was entitled to a finding that all the allegations of the complaint were untrue, for as his pleading alleged, and the evidence showed, he never claimed any

interest in plaintiff's lands and plaintiff's allegation that he did, was untrue. There is no merit in the objection.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 21, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 21, 1929.

All the Justices present concurred.